1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN KNIGHT LEWIS,

                   Petitioner,

   v.

STATE OF WASHINGTON,

                Respondent.

No. C10-5426 BHS/KLS

ORDER TO SHOW CAUSE

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the Court on Petitioner's filing of an application to proceed in forma pauperis and a petition for writ of habeas corpus under 28 U.S.C. § 2241.  To file a petition and initiate legal proceedings, Petitioner must pay a filing fee of $5.00 or file a proper application to proceed in forma pauperis.

      Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>
> (1)  Complete the in forma pauperis affidavit approved for use in this district; and
>
> (2)  File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

      Mr. Lewis has not provided the court with a written consent.  In addition, Mr. Lewis has failed to complete his petition for writ of habeas corpus on the appropriate form.  Mr. Lewis

ORDER TO SHOW CAUSE  - 1

states that he is confined in a state facility pursuant to a state court judgment.  Therefore, he should complete and submit his petition for writ of habeas corpus pursuant to § 2254.

In completing his petition for writ of habeas corpus, Mr. Lewis must name the correct respondent.  Mr. Lewis names only the State of Washington.  Failure to name the correct respondent deprives this Court of personal jurisdiction.  *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  28 U.S.C. § 2243 requires that writs are to be directed "to the person having custody of the person detained."  The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian."  *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir. 1986).  A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner."  *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir. 1986).

Mr. Lewis' custodian for purposes of his habeas corpus petition challenging the execution of his Washington state sentence is the warden/superintendent of the prison where he is currently confined.  See, e.g., *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  The warden of the Washington Corrections Center is Doug Waddington.

Finally, Mr. Lewis argues that his conviction by guilty plea must be vacated because a DUI blood draw was taken in violation of his Fourth Amendment rights.  Dkt. 3, p. 3.  He should indicate in his amended petition that these grounds for relief have been properly exhausted in state court.  Specifically, the petition does not show that Mr. Lewis has presented his claims for relief to the Washington Court of Appeals and the Washington State Supreme Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by

ORDER TO SHOW CAUSE  - 2

respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or

inferred.  A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider all claims before presenting them to the federal court.

*Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.

1985).  Full and fair presentation of claims to the state court requires "full factual development"

of the claims in that forum.  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Accordingly, it is **ORDERED:**

(1)     Mr. Lewis must pay the filing fee of $5.00 or submit a completed application for

leave to proceed *in forma pauperis,* including a signed written consent **on or before August 27,**

**2010**.  Mr. Lewis must also submit an amended petition for writ of habeas corpus on the

appropriate form, in which he names the proper respondent and indicates that he has exhausted

his claims in state court.  Failure to do so **on or before August 27, 2010** shall be deemed a

failure to properly prosecute this matter and the court will recommend dismissal of this matter.

(2)     The Clerk is directed to send a copy of this Order to Petitioner, along with the

appropriate forms, including a written consent and § 2254 petition.


DATED  _11th_  day of August, 2010.


Karen L. Strombom
United States Magistrate Judge


ORDER TO SHOW CAUSE  - 3