UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN KNIGHT LEWIS,<br><br>                Petitioner,<br>     v.<br><br>SABRINA AHRENS,<br><br>                Respondent. | No. C10-5426 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  October 1, 2010** |

      This habeas corpus action, purportedly filed pursuant to 28 U. S.C. 2241, has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local MJR 3 and 4.

      At the time of filing his habeas petition, Mr. Lewis was an inmate at the Washington Corrections Center in Shelton, Washington.  Dkt. 1.  He is currently confined in the Whatcom County Jail in Bellingham, Washington.  Dkt. 6.  He filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, but failed to pay the $5.00 court filing fee or file a proper application to proceed *in forma pauperis* with a signed consent form despite being advised of the necessity to do so.  Dkt. 7.  Because Mr. Lewis is confined pursuant to a state court judgment, the court also advised him that he should complete and submit his petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 and that he should name his immediate custodian as the Respondent.  *Id.*  The court provided Mr. Lewis with the appropriate forms.  In addition, it appeared from a fair reading of Mr. Lewis' petition that his claims for relief have not been

REPORT AND RECOMMENDATION - 1

presented to the Washington Court of Appeals and the Washington State Supreme Court as required by 28 U.S.C. § 2254(b)(1).

Mr. Lewis was advised that he should cure these deficiencies (sign and submit a consent form; file an amended petition on the proper form, naming his immediate custodian and indicate whether he had submitted his claims for relief to the state appellate courts) on or before August 27, 2010. He was advised that his failure to do so would be deemed a failure to properly prosecute this matter and the court would recommend dismissal of this matter. He did not do so nor did he request additional time within which to comply with the court's deadline. Accordingly, the undersigned recommends that the Court deny Mr. Lewis' motion to proceed *in forma pauperis* (Dkt. 5) and dismiss this matter without prejudice for failure to prosecute.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable as to whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S. Ct. 1595, 1604 (2000)

REPORT AND RECOMMENDATION - 2

There is nothing in the record to support a conclusion that jurists of reason would find it debatable that the petition does not state a valid claim of the denial or a constitutional right and that the district court was not correct in its procedural ruling dismissing Mr. Lewis' claims without prejudice for failure to prosecute.

**CONCLUSION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 1, 2010**, as noted in the caption.

DATED this 9th day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3